UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RICKY DEAN STEVENSON                    CIVIL ACTION NO. 07-cv-0869

VERSUS                                  JUDGE HICKS

ABB, INC., ET AL                        MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

Plaintiff alleges that he was injured when a cable broke.  The original defendants removed the case from state court based on an assertion of diversity jurisdiction.  Plaintiff conducted discovery and investigation to learn the identity of the person who worked on the suspect cable, and he now alleges that the person is Tommy Wright.  Plaintiff has filed a motion for leave to amend that would add Mr. Wright and other new defendants.

The court noted that Plaintiff alleged that both he and Mr. Wright were citizens of Louisiana, which would destroy diversity jurisdiction and require a remand.  Accordingly, the motion for leave to amend was noticed for briefing.  The parties have briefed the Hensgens issues, but Plaintiff has noted an issue that may render the dispute moot.

Plaintiff represents that he filed a similar action against Mr. Wright in state court. The sheriff recently attempted to serve that suit on Mr. Wright at his last place of employment in Louisiana.  The sheriff's return states that service could not be made because Mr. Wright "moved to another State with company."

If Mr. Wright has become a domiciliary and citizen of another state, the jurisdictional issue may be moot.  Citizenship, for purposes of diversity jurisdiction, is based on domicile rather than mere residency.  <u>Great Plains Trust Co. v. Morgan Stanley</u>, 313 F.3d 305, 310 n.2 (5th Cir. 2002).  Domicile is based on both presence and intent to remain indefinitely.  Various forms of evidence may shed light on a person's intention to establish domicile.  The factors may include the place where the person is registered to vote, registers his car, pays taxes, owns property, has driver's licenses, maintains bank accounts, belongs to clubs and churches, and maintains a home for his family.  These and other rules regarding domicile and citizenship are set forth in <u>Coury v. Prot</u>, 85 F.3d 244, 250-51 (5th Cir. 1996).

The court will hold in abeyance the motion for leave to amend.  The parties are hereby granted until **July 31, 2008** to conduct **discovery** in an attempt to locate Mr. Williamson and depose him or otherwise gather facts sufficient to establish his citizenship.  Plaintiff, as the party wishing to add Mr. Williams, should by that date file a **supplemental memorandum** in support of his motion for leave to amend and set forth the facts and argument regarding the citizenship issue.  Any opposing party may file a supplemental opposition within 10 calendar days thereafter.  Leave is hereby granted in advance for filing these supplemental memoranda, and counsel may have to bring this order to the attention of the clerk at the time of filing to avoid getting a deficiency notice.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of June, 2008.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE